IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of DUCE CONSTRUCTION COMPANY, an Illinois corporation,<br>  Plaintiff,<br><br>v.<br><br>CARLSON BROS., INC, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br>  Defendants. | Case No. 2:17-cv-02173-JEH |

**Order**

Before the Court are the parties' cross motions for partial summary judgment (D. 26 & 27). For the reasons stated, *infra*, the motions are denied.

**I**

**A**

Carlson and Duce entered into a subcontract agreement providing that Duce would perform earthwork, excavation and site utility work at a project in Champaign, Illinois known as the Providence at Sycamore and Providence at Thornberry projects. The parties agree that Carlson owes Duce $261,852.41 on the contract, but dispute whether Carlson owes Duce an additional $85,871.75.

Specifically, during the course of the project it became apparent that Duce needed to perform additional work outside the scope of the original agreement. According to Duce, Carlson's project manager, Tom Newquist, asked Duce to perform the work to avoid a delay in the construction schedule, notwithstanding

1

the fact that Duce did not have an opportunity to comply with the contract's requirement that all change orders be submitted in writing in advance of the work. Carlson has presented no evidence to contradict the testimony of Duce's project manager, Daniel Wilson, that Newquist told him not to stop work despite not having submitted a written change order, but Carlson argues that the written change order provision in the contract nevertheless precludes Duce from recovering for the additional work.

**B**

In Carlson's motion for partial summary judgment, it argues that it is entitled to summary judgment on Duce's claim for interest and attorneys fees, because it deposited $261,852.41 with an escrow agent for the benefit of Duce upon completion of the project. Duce, on the other hand, argues that the contract provides for interest and attorney fees on accounts more than 30 days past due (D. 26-1 at p. 21) and, notwithstanding that the funds are in the hands of the escrow agent, Duce still to this day has not received those funds because the escrow agent refuses to release them until Duce signs a lien waiver—something Duce refuses to do because there remains a dispute regarding the additional $85,871.75 for work beyond the scope of the original contract.

Carlson also argues it is entitled to summary judgment on the issue regarding the amount due in excess of the original subcontract amount, arguing that it is undisputed that Duce did not follow the written change order procedure in the contract. Duce responds, however, that Carlson agreed to an oral modification of this provision when inducing it to continue working without following the procedure in order to avoid any delay in the project schedule.

**C**

In Duce's motion for partial summary judgment, it argues that it is entitled to summary judgment on the $261,852.41 for work that is not in dispute, plus

interest and attorney fees, given that it has yet to receive the payment. Carlson does not dispute that it owes Duce the $261,852.41, but argues that Duce is not entitled to interest and attorney fees because it turned the funds over to the escrow agent. The fact that the escrow agent has not released the funds to Duce relieved Carlson of its obligation and the fact that those funds have yet to be released to Duce is not its fault.

Duce also argues that it is entitled to summary judgment regarding the amount outside the scope of the contract agreement because, notwithstanding the fact that the change order procedure was not followed, the parties orally modified this provision to keep the project on schedule. Carlson's response is essentially that the written change order in the contract is absolute.

## II

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper y evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323- 24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck*, N.V., 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183(7th Cir. 1993).

**B**

As an initial matter, the parties do not dispute that Carlson owes Duce $261,852.41 for work performed under the original contract. Accordingly, without question, the final judgment in this case will, at a minimum, include a judgment in favor of Duce for that amount at the conclusion of the case. Regarding what is really at issue in this case, *i.e.*, interest and attorney fees on the $261,852.41 and the $85,871.75 in work beyond the original contract, neither party has established that it is entitled to summary judgment.

First, regarding interest and attorney fees, the contract indisputably provides for interest and attorney fees related to collection thereof for amounts past due more than 30 days. However, the contract provides that "[f]inal payment shall become due to Subcontractor" after "all required final waivers, affidavits, guarantees . . . are submitted to General Contractor by Subcontractor. . ." (D. 26-1 at p. 3). It is undisputed that no such final waiver has ever been provided to Carlson by Duce so, by the literal terms of the contract, no remaining funds are yet "due." Thus, the interest and attorney fees provisions in the contract have not yet kicked in. Although the parties spill much ink over the circumstances regarding the escrow agent's refusal to release funds, Carlson's involvement in the agent's refusal to release the funds, and Duce's efforts to provide an acceptable waiver, these circumstances are beside the point for purposes of the contract.

Given that Duce has not performed the precondition in the contract for making final payment "due," it is not entitled to summary judgement for interest and attorney fees to collect a past "due" amount. However, depending on the outcome of the case, Duce may be able to argue that it is entitled to prejudgment interest and/or attorney fees based upon a source of law, rather than the contract standing alone. Under Illinois law, at least prejudgment interest can be awarded via a statute or equity under certain circumstances. *See e.g., Platinum Technology,*

*Inc., v. Federal Insurance Co.*, 282 F.3d 927 (7th Cir. 927). But Duce has not pressed these non-contractual methods at this stage in the litigation and, rightly so, given that such questions are better left for a decision by the Court after the merits of the case have been resolved. Accordingly, neither party is entitled to summary judgment on the issue of interest and attorney fees on the $261,851.41 indisputably owned by Carlson to Duce.

Second, on the question of whether Duce is entitled to $85,871.75 for work performed outside the original contract, neither party is entitled to summary judgment on this question either. Carlson relies solely upon the contract language requiring a written change order for work performed outside the contract but ignores the Illinois law providing that an oral modification of a written contract is enforceable, even when the contract prohibits oral modifications. *See Tadros vs. Kuzmak*, 277 Ill.App.3d 301, 660 N.E.2d 162 (1st Dist., 1995); *Caulfield vs. Packer Engineering, Inc.*, 2015 Ill.App. (1st) 140463-U; *A.W. Wendell & Sons, Inc. v. Qazi*, 254 Ill.App.3d 97, 626 N.E.2d 280 (2nd Dist., 1993); and *Berg & Associates, Inc. v. Nelsen Steel & Wire Co.*, 221 Ill.App.3d 526, 580 N.E.2d 1198 (1st Dist, 1991). Accordingly, Carlson's singular reliance upon the contract language is insufficient to entitle it to summary judgment.

On the flip side, although Duce suggests that the parties orally modified the contract, "the existence of an oral modification—as well as its terms, conditions, and the intent of the parties—are all questions of fact that must be determined by the trier of fact." *Household Financial Services, Inc., v. Coastal Mortg. Services, Inc.*, 152 F.Supp.2d 1015, 1022 (N.D. Ill; July 12, 2001), *citing E.A. Cox Co. v. Road Savers Int'l Corp.*, 648 N.E.2d 271, 277 (Ill. App. 1995); *Maher & Assocs., Inc. v. Quality Cabinets*, 640 N.E.2d 1000, 1007 (Ill. App. 1994) ("Whether the terms of a written contract are modified by acts or conduct is a question of fact for the trier of fact."); *Giannetti v. Angiuli,* 263 Ill.App.3d 305, 200 (Ill. App. 1994) ("Whether a party's

course of conduct waives strict compliance with a contractual provision and results in forfeiture is generally a question of fact; such a question is unsuitable for disposition by way of summary judgment."). Accordingly, summary judgment in favor of Duce is inappropriate, as the question is one for the jury to decide.

### III

For the reasons stated, *supra*, the parties' cross motions for partial summary judgment are DENIED (D. 26, 27).

*It is so ordered.*

Entered: September 23, 2019

<u>s/Jonathan E. Hawley</u>
U.S. Magistrate Judge